UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOMMY "SHANE" BODEN<br><br>Plaintiff,<br><br>v.<br><br>NUTRIEN AG SOLUTIONS, INC., formerly known as CROP PRODUCTION SERVICES, INC.,<br><br>Defendant. | Case No. 4:18-cv-00266-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Plaintiff Tommy "Shane" Boden's Rule 56(d) Motion to Extend Time to Respond to Motion for Summary Judgment. Dkt. 36. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

# II. BACKGROUND

On September 13, 2019, the Court and the parties' respective attorneys participated in an informal discovery dispute teleconference pursuant to local rules. The dispute was over Boden's request for discovery concerning Nutrien AG Solutions, Inc.'s ("Nutrien")

alleged discrimination against him because of his diabetes. As this conference did not result in a resolution, the parties agreed to address the issue through motion practice. The Court subsequently set an expedited briefing schedule for Plaintiff's Motion to Compel (Dkt. 29), which Boden filed on September 25, 2019.

After the conference, Boden took the depositions of two witnesses and Nutrien's 30(b)(6) representative, with the final deposition concluding on September 27, 2019. The following business day, Nutrien filed its Motion for Summary Judgment (Dkt. 31), despite the pending Motion to Compel and the recently taken depositions. In response, on October 8, 2019, Boden filed this motion seeking to delay the current briefing schedule for Nutrien's Motion for Summary Judgment until the Court issues its decision on Boden's Motion to Compel.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(d), the nonmovant to a motion for summary judgment may request the Court to order a continuance on the motion. Fed. R. Civ. P. 56(d). For the Court to grant the continuance,"[t]he requesting party must show: (1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home and Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008). In ruling on a 56(d) motion, a district court considers whether the movant had sufficient opportunity to conduct discovery, whether the movant was diligent, whether the information sought is based on mere speculation, and whether allowing additional discovery would preclude summary judgment. *Martinez v. Columbia*

*Sportswear USA Corp.*, 553 Fed. Appx. 760, 761 (9th Cir. 2014).

## IV. ANALYSIS

To begin, the Court notes that all the parties filed their respective motions, mentioned above, in a timely manner. Nutrien filed its Motion for Summary Judgment in compliance with Rule 56 and the Court's Amended Case Management Order (Dkt. 27). Boden appropriately filed his Motion to Compel, pursuant to the informal discovery dispute conference, before the close of discovery. Boden also filed his Rule 56(d) Motion for an Extension of Time just one week after Nutrien filed its Motion for Summary Judgment. The underlying dispute here, then, is not so much the procedural aspect of these filings as it is their practicality.

After reviewing the briefing on these three motions, the Court can easily summarize the cause of this situation: Boden believes that information about his diabetes and his CDL is necessary for his case and essential to oppose Nutrien's Motion for Summary Judgment, while Nutrien thinks this information is inadmissible. Nutrien relies on this position in opposing this current motion. Because the diabetes and CDL information is inadmissible, it argues, Boden cannot meet his burden under Rule 56(d) and the Court should not grant the extension.

The Court notes the unique situation this particular Rule 56(d) motion presents. A party typically makes a Rule 56(d) motion when it feels it is missing discovery. *See* Fed. R. Civ. P. 56(d). Before Boden filed this motion, the parties had already engaged in an informal discovery dispute conference and Boden had filed a discovery motion pursuant to that conference. In other words, the proper vehicle to address the underlying discovery

dispute is through Boden's Motion to Compel. The purpose of this motion, to speak bluntly, is to decide if Boden should be rushed into preparing a potentially inadequate defense due to the Court's timing in ruling on his Motion to Compel.

As the substance of the parties' arguments regarding this discovery dispute is in the briefing on the Motion to Compel, that is where the Court will address them. Here, the Court need only decide if (1) Boden has set forth in affidavit form the specific facts he hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment. *See Family Home*, 525 F.3d at 827. Without addressing the admissibility of these facts, after reviewing the briefing on this motion and considering the *Martinez* factors, the Court finds that Boden has met all three elements here.

Additionally, this decision provides practical fairness to both parties. Granting this motion to extend time does not prejudice Nutrien at all as it does not affect the Court's decision on either Nutrien's Motion for Summary Judgment or Boden's Motion to Compel. Further, the Court must provide Boden an opportunity to muster an appropriate defense to Nutrien's Motion for Summary Judgment. It would be unfair to Boden to limit his ability to respond based on a delay in a separate motion that he has no control over.

///
///
///
///
///
///

# V. ORDER

IT IS HEREBY ORDERED THAT:

1. Boden's Rule 56(d) Motion to Extend Time to Respond to Motion for Summary Judgment (Dkt. 36) is GRANTED. The briefing on Nutrien's Motion for Summary Judgment is stayed until further notice.

DATED: October 21, 2019

David C. Nye
Chief U.S. District Court Judge