UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TOMMY "SHANE" BODEN<br><br>Plaintiff,<br><br>v.<br><br>NUTRIEN AG SOLUTIONS, INC., formerly known as CROP PRODUCTION SERVICES, INC.,<br><br>Defendant. | Case No. 4:18-cv-00266-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

# I. INTRODUCTION

Pending before the Court is Plaintiff Tommy "Shane" Boden's Motion to Compel. Dkt. 29. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons stated below, the Court GRANTS Boden's motion.

# II. BACKGROUND

On August 27, 2018, Boden filed his Amended Complaint,[1] alleging that Defendant

---

[1] Boden filed his original Complaint on June 11, 2018. The original Complaint and Amended Complaint are nearly identical, the biggest difference being the change in the defendant's name from Crop Production Services, Inc. to Nutrien AG Solutions, Inc.

MEMORANDUM DECISION AND ORDER – 1

Nutrien AG Solutions, Inc. ("Nutrien") wrongfully terminated his employment. According to Boden's Amended Complaint, Nutrien wrongfully terminated his employment because of his disability linked to a back injury, his age, and because he had filed a workers' compensation claim. Boden further alleges that he exhausted his administrative remedies for his claims under the Americans with Disabilities Act Amendments Act (for his back injury) and Age Discrimination in Employment Act (for his age) by properly submitting a Charge of Discrimination with the Idaho Humans Right Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC") and subsequently receiving a Notice of Right to Sue from each entity. Nutrien denies Boden's underlying allegations, claiming that it fired Boden because of his unsatisfactory sales performance.

At his deposition on July 17, 2019, Boden, for the first time, asserted that Nutrien attempted to tamper with his sales performance by preventing him from using his commercial driver's license ("CDL") on account of his diabetes, even though he had a federal medical exemption that would otherwise allow him to use it. After his deposition, Boden propounded discovery requests upon Nutrien, seeking information relating to his CDL and use of it under a medical exemption. Nutrien objected to the request because it believes the information is irrelevant and inadmissible since Boden did not allege discrimination based on his diabetes in his Charge of Discrimination. Accordingly, Nutrien argues that Boden has not exhausted his administrative remedies with respect to alleged discrimination based upon his diabetes and thus the Court does not have jurisdiction to hear this argument.

On September 25, 2019, after an informal discovery dispute conference, Boden filed the instant Motion to Compel.

## III. LEGAL STANDARD

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Further, "information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* Rule 26(b) lists some considerations a court may utilize in determining the proportional needs of the case, such as "the importance of the issues at stake" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Additionally, "for discovery purposes, relevancy is construed broadly," yet a court "need not condone the use of discovery to engage in fishing expeditions." *O Bar Cattle Co. v. Owyhee Feeders, Inc.*, No. CV 08-149-S-EJL-CWD, 2009 WL 10678025, at *7 (D. Idaho Aug. 4, 2009). A court has broad discretion in deciding whether to compel discovery. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002).

## IV. ANALYSIS

As this is a motion to compel, the Court does not need to address Nutrien's admissibility concerns regarding the information that Boden is seeking. Fed. R. Civ. P. 26(b). As such, the Court declines to determine whether this information is admissible or not. The Court's duty under the Federal Rules of Civil Procedure at this juncture is to determine whether Boden's requests are within the scope of discovery— that is, whether they are relevant and proportional to the needs of the case.

### A. Jurisdiction and Relevancy

The Court will first address the relevancy of Boden's requests and Nutrien's arguments regarding jurisdiction. Specifically, Boden requests the following:

> **Request for Production No. 42**: Please produce all communications to and from Plaintiff, including but not limited to email communications, which discuss Plaintiff's commercial driver's license (CDL) federal medical exemption associated with his diabetic condition.
> **Request for Production No. 43**: Please produce all communications discussing any policy of the Defendant regarding CDL federal medical exemptions.
> **Request for Production No. 44**: Please produce all documents associated with any concerns or complaints made by Plaintiff regarding his CDL federal medical exemption associated with his diabetic condition. This is an action brought under the Americans with Disabilities Act Amendments Act ("ADAAA"), 42 U.S.C. § 12101,et seq.; and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621,et seq.; and the common law of the State of Idaho.

Dkt. 29-3, at 7–8.

Here, Nutrien first argues that any discovery regarding Boden's CDL and diabetes is not relevant because Boden did not include any allegations concerning diabetes and his CDL in his Charge of Discrimination or in his Amended Complaint. In the absence of such allegations in his Charge of Discrimination, Nutrien argues Boden has not exhausted his administrative remedies and this Court does not have jurisdiction over a claim of discrimination based on Boden's diabetes. . In support, Nutrien extensively cites authority describing the legal necessity and central purpose of the administrative exhaustion requirement. Additionally, Nutrien claims that Boden cannot support a new claim for diabetes discrimination because he did not plead such a claim in his Amended Complaint.

The Court—and apparently Boden—agree with Nutrien. At this point, there are

multiple reasons Boden cannot bring a new claim for discrimination regarding his diabetes. First, Boden did not exhaust his administrative remedies by bringing such a claim before the appropriate administrative body. *Josephs v. Pac. Bell,* 443 F.3d 1050, 1061 (9th Cir. 2006). Under the facts of this case, this alone prevents Boden from adding a new claim at this juncture. Additionally, Boden did not include a claim for discrimination regarding his diabetes in his Amended Complaint, and thus the Court would not be able to consider it here. *Astorga v. Idahoan Foods, LLC*, 2019 WL 4120803, at *5 (D. Idaho 2019) (declining to consider portion of disability claim where plaintiff never put defendant on notice that her anxiety formed the basis of her claim for discrimination).

Boden does not dispute these arguments, but instead alleges that they are inapplicable because he is not bringing a new claim, nor seeking to do so. Boden contends that he is simply trying to address Nutrien's argument that it fired him because of his low sales performance. Thus, Boden believes his requests are relevant. In response, Nutrien relies on *Jefferson v. Time Warner Cable Enter. LLC*, 584 Fed.Appx. 520 (9th Cir. 2014) to suggest any facts or conduct on Nutrien's part that Boden failed to include in his Charge of Discrimination are outside the Court's jurisdiction. In particular, Nutrien cites to the following:

> [t]he district court properly limited the scope of its subject matter jurisdiction to the *factual allegations in Jefferson's EEOC complaint* . . . narrowing its consideration of Jefferson's challenge to TWC's implementation of Scorecard and its decision to use a performance-based scheduling system. Both are described in the EEOC complaint. Any other *conduct* falls outside the district court's jurisdiction.

*Id.* at 522 (emphasis added). The Court does not share Nutrien's position.

First, the *Jefferson* court noted that its decision "is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3."[2] *Id.* at 521. Though *Jefferson* may still be persuasive and applicable, any conclusions therein are not binding on this Court.

Second, turning to the substance of *Jefferson*, the brief section Nutrien cites becomes clearer when the underlying district court decision is examined. In a motion for summary judgment, Defendant argued that Plaintiff included events of discrimination in his Complaint that he did not include in his Charge of Discrimination and thus that Plaintiff failed to exhaust his administrative remedies under the ADEA and ADA. *Jefferson v. Time Warner Cable*, 2012 WL 12887692 at *10 (C.D. Cal. 2012). The district court then conducted a continuing violation theory analysis, which allows "[e]vents occurring after an administrative charge is filed [to] be considered exhausted if they are like or reasonably related to the events charged." *Id.* at *9 (citing *Freeman v. Oakland Unified Sch. Dist.*, 291 F.3d 632, 639 (9th Cir. 2002)) (internal quotations omitted). Based on its analysis, the district court determined that some of Defendant's conduct was reasonably related and some was not, but in any event, there were other "insurmountable hurdles" that prevented Plaintiff from utilizing these other events. *Id.* at *11. Accordingly, the district court declined to consider Defendant's additional, allegedly discriminatory conduct and granted Defendant's motion for summary judgment and the ADEA and ADA claims. *Id.* at *18.

---

[2] Ninth Circuit Rule 36–3 deals with the doctrine of law of the case or rules of claim preclusion or issue preclusion and is not applicable here.

This background clarifies the Ninth Circuit's language in *Jefferson*. If subject matter jurisdiction was truly limited to the conduct and facts alleged in a Charge of Discrimination, as Nutrien urges, then *Jefferson*—which is non-binding authority—would overrule the well-established legal principle known as the continuing violation theory. *See Freeman*, 291 F.3d at 638–39; *see also Green v. Los Angeles Cty.*, 883 F.2d 1472, 1458 (9th Cir. 1989). This would force individuals to anticipate any defense an employer could bring in future litigation before filing a Charge of Discrimination, when the ultimate objective of an EEOC or IHRC complaint differs greatly from that of a federal lawsuit. *See Layton v. Eagle Rock Timber, Inc.*, , 2019 WL 1560876 at *5 (D. Idaho 2019). Instead, the language relied on by Nutrien is case specific and simply explains that the district court properly decided that Plaintiff could not utilize any of Defendant's conduct that he did not include in the Charge of Discrimination to support the claims he had already alleged.

Furthermore, this case differs from *Jefferson* because Boden states he is not attempting to add a new claim or to directly buttress an existing claim. Rather, he seeks information on CDLs and diabetes to combat Nutrien's position that it fired him based on his sales performance, as he believes that Nutrien used his diabetes as an excuse to prevent him from using his CDL and thus hurt his sales. Just because Nutrien allegedly refused to let Boden use his CDL based on something that potentially could be grounds for a separate discrimination claim—diabetes—does not mean that Boden cannot address this argument although he didn't mention diabetes to the EEOC or the IHRC. There could be many reasons why Boden chose not to include this conduct as a separate claim, but the law does

not prevent him from confronting Nutrien's position here. In short, responding to a defense is much different than alleging a separate cause of action.

Finally, as the analysis above implies, the information Boden requests is relevant. In other words, information related to Nutrien's discussions with Boden about his CDL and his diabetes, as well as its policies on CDL medical exemptions, have a tendency to make a fact of consequence—Nutrien's reason for terminating Boden's employment—more or less probable than it would be without such information. *See* Fed. R. Evid. 401. Relevancy does not require information to directly support an underlying claim, it requires it only to make a fact of consequence more or less probable. *Id.*

In sum, Boden cannot now make a separate claim for discrimination based on Nutrien's actions regarding his CDL. However, the law does not require Boden to allege facts and conduct in a Charge of Discrimination before he is able to use them to address arguments made by Nutrien. Furthermore, the information Boden seeks is relevant to address Nutrien's argument that it fired Boden for his low sales performance.

### B. Proportionality

Nutrien believes that Boden's requests are "vastly disproportionate to the needs of the case, since there is no need for this information at all." Dkt. 34, at 2. Aside from stating that there is no need for the information at all, however, Nutrien does not include any arguments as to why Boden's requests are disproportionate. It appears that Nutrien front-loaded its argument; it relied on the arguments that the Court did not have jurisdiction over the requests, and that the requests were irrelevant. As such, it argues any balancing test would weigh in its favor because any request for irrelevant information would be

disproportionate to the needs of the case. Though this argument is logical, it hinges on the Court finding that Boden's requests are irrelevant. Because the Court has found that Boden's requests are relevant, this argument has no weight.

In reviewing the requests at issue, the Court finds that Request for Production numbers 42 and 44 are proportional to the needs of the case as they are properly limited to "communications to and from" or "concerns or complaints" that involve Boden. As it stands, however, Request for Production 43 is not properly limited as it requests "all communications discussing any policy . . ." without any time, subject, or other boundaries. To properly limit Request for Production 43, the Court adds a durational component: Nutrien must produce all communications discussing any policy of the Defendant regarding CDL federal medical exemptions *for the five-year period prior to Boden's termination.*

## V. CONCLUSION

Boden may not add a separate claim for discrimination based on Nutrien's actions regarding his CDL and his diabetes. However, the Court has jurisdiction over Boden's request for information regarding the CDL and his diabetes because Boden seeks such information to respond to Nutrien's stated reasons for firing him. Additionally, the Court finds these requests are within the scope of discovery as they are relevant and, with slight modification, proportional to the needs of the case.

///
///
///

# VI. ORDER

IT IS HEREBY ORDERED THAT:

1. Boden's Motion to Compel is GRANTED as outlined above.

DATED: November 19, 2019

David C. Nye
Chief U.S. District Court Judge